**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LITTLE MOUNTAIN CORPORATION, | No.    16-73957 |
| Petitioner-Appellant, | Tax Ct. No. 581-15 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted June 6, 2018
Pasadena, California

Before:  WARDLAW and CHRISTEN, Circuit Judges, and MOLLOY,[**] District
Judge.

Little Mountain Corporation ("LMC") appeals the Tax Court's ruling that it

had not met its burden of substantiating a $896,493 deduction for compensation

under IRC § 162(a)(1) on its 2011 tax return.  We review the Tax Court's legal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

conclusions de novo and its factual determinations for clear error. *Cooper v. Comm'r of Internal Revenue*, 877 F.3d 1086, 1090 (9th Cir. 2017). We affirm.

The Tax Court's conclusion that LMC failed to substantiate that Always Frank Consulting ("AFC") was paid $896,493 was not clearly erroneous. Franklin and Susan Sanders testified that AFC received that amount. However, the Tax Court's conclusion was plausible and supported by record evidence: the relevant checks were made out to "cash," not to AFC or Franklin Sanders; they were endorsed by individuals unaffiliated with AFC; LMC provided no documentation indicating that AFC requested payment in cash; there were no receipts from AFC indicating that it or Franklin received the cash; and LMC did not issue a Form 1099 to AFC or Franklin Sanders. Furthermore, while Susan Sanders maintained a ledger indicating $896,493 in "consulting" expenses, the ledger's weight must be discounted because the dates recorded in the ledger do not match the dates on the corresponding checks made out to "cash."

Nor was the Tax Court's finding that LMC failed to substantiate that the $896,493 was "compensation" as required by IRC § 162(a)(1) clearly erroneous because it was plausible and supported by record evidence. First, neither Susan Sanders nor Franklin Sanders was able to testify with specificity about the work AFC performed for LMC supporting particular consulting invoices, and the

2

invoices themselves do not include any description of tasks performed but instead include only a generic statement that consulting, writing, and office managerial services were performed. Second, while Franklin Sanders testified that he worked approximately the same number of hours each week with one particularly busy week each month, the invoiced amounts per day of work vary significantly and randomly, lacking a month-to-month pattern. The record evidence supports the conclusion that the payments to AFC were based on LMC's profit, not AFC's services. The dates on the actual checks did not match the ledger dates; AFC had not provided hourly rates or a fee schedule for its services to LMC; the $896,493 paid to AFC was a significant majority of LMC's net corporate income; and no tax forms were issued to AFC. *Cf.* 26 C.F.R. § 1.162-7(a) (requiring payments to be "purely for services" to be deductible compensation under IRC § 162(a)(1)).

**AFFIRMED.**